IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:18-CV-31-D

| | | |
|---|---|---|
| IN RE: | ) | |
| SANDERSON AND KOCH BROILER | ) | **ORDER** |
| CHICKEN GROWER LITIGATION | ) | |

On February 21, 2018, Haff Poultry Inc., Nancy Butler, Johnny Upchurch, Jonathan Walters, Myles B. Weaver, and Melissa Weaver (collectively "plaintiffs"), on behalf of themselves and other similarly situated broiler chicken growers, filed a complaint against defendants alleging violations of the Sherman Antitrust Act and the Packers and Stockyards Act [D.E. 1]. On March 8, 2018, plaintiffs moved the Judicial Panel on Multidistrict Litigation ("JPML") to consolidate the action with a substantially similar action in the United States District Court for the Eastern District of Oklahoma. See [D.E. 29]. On March 27, 2018, the court stayed proceedings pending a decision on the transfer of the case by the JPML [D.E. 31]. On June 6, 2018, the JPML denied consolidation [D.E. 40]. On June 26, 2018, the court lifted the stay [D.E. 44]. On July 13, 2018, defendants moved to dismiss plaintiffs' complaint on the merits for failure to state a claim or, in the alternative, under the first-filed rule [D.E. 52] and filed a memorandum in support [D.E. 53]. See Fed. R. Civ. P. 12(b)(6). On August 13, 2018, plaintiffs responded in opposition [D.E. 55]. On September 4, 2018, defendants replied [D.E. 61]. As explained below, the court grants in part defendants' motion to dismiss and stays this action pending resolution of the action in the Eastern District of Oklahoma.

I.

Plaintiffs represent a putative class of broiler chicken growers against "vertically-integrated poultry company defendants." [D.E. 1] ¶ 1. Plaintiffs allege that defendants engaged in anticompetitive behavior that put plaintiffs "in a state of indebted servitude, living like modern-day

sharecroppers on the ragged edge of bankruptcy." Id. ¶¶ 2–4 (quotation omitted).

On January 27, 2017, plaintiffs filed a complaint against defendants in the Eastern District of Oklahoma. See In re Broiler Chicken Grower Litig., No. 6:17-CV-33-RJS, Compl. [D.E. 2] (E.D. Okla. Jan. 27, 2017). On July 10, 2017, plaintiffs amended their complaint. See id. [D.E. 137] (E.D. Okla. July 10, 2017). On September 8, 2017, defendants Sanderson Farms, Inc. ("Sanderson") moved to dismiss plaintiffs' complaint for lack of personal jurisdiction and improper venue. See id. [D.E. 191] (E.D. Okla. Sept. 8, 2017). On the same date, defendants Koch Foods Inc. and Koch Meat Co. (collectively "Koch") moved to dismiss plaintiffs' complaint for lack of personal jurisdiction and improper venue. See id. [D.E. 194] (E.D. Okla. Sept. 8, 2017). On January 19, 2018, the court granted Sanderson's and Koch's motions to dismiss. See id. [D.E. 217] (E.D. Okla. Jan. 19, 2018). The court asked plaintiffs to decide whether they would proceed with the remaining defendants or voluntarily dismiss the action. See id. [D.E. 218] 132–33 (E.D. Okla. Jan. 30, 2018). On February 2, 2018, plaintiffs indicated that they intended to move forward with their claims against the remaining defendants in the Eastern District of Oklahoma. See id. [D.E. 219] (E.D. Okla. Feb. 2, 2018). The remaining defendants moved to dismiss, a motion that remains pending. See id. [D.E. 193] (E.D. Okla. Sept. 8, 2017).

On February 21, 2018, plaintiffs filed a complaint in this court [D.E. 1]. The complaint alleges the same causes of action arising from the same course of conduct by defendants as alleged in plaintiffs' complaint in the Eastern District of Oklahoma. On March 8, 2018, plaintiffs moved the JPML to consolidate both actions into a multi-district litigation ("MDL") in the Eastern District of Oklahoma. See [D.E. 29]. On June 6, 2018, the JPML denied plaintiffs' motion to consolidate both actions into an MDL [D.E. 40]. On July 13, 2018, defendants moved to dismiss the complaint for failure to state a claim or, in the alternative, based on the first-to-file rule [D.E. 52].

2

## II.

## A.

A motion to dismiss under Rule 12(b)(6) tests the complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–80 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554–63 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). To withstand a Rule 12(b)(6) motion, a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quotation omitted); see Twombly, 550 U.S. at 570; Giarratano, 521 F.3d at 302. In considering the motion, the court must construe the facts and reasonable inferences "in the light most favorable to the [nonmoving party]." Massey v. Ojaniit, 759 F.3d 343, 352 (4th Cir. 2014); see Clatterbuck v. City of Charlottesville, 708 F.3d 549, 557 (4th Cir. 2013), abrogated on other grounds by Reed v. Town of Gilbert, 135 S. Ct. 2218 (2015). A court need not accept as true a complaint's legal conclusions, "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302; see Iqbal, 556 U.S. at 678–79. Rather, a plaintiff's allegations must "nudge[ ] [his] claims," Twombly, 550 U.S. at 570, beyond the realm of "mere possibility" into "plausibility." Iqbal, 556 U.S. at 678–79.

When evaluating a motion to dismiss, a court considers the pleadings and any materials "attached or incorporated into the complaint." E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011); see Fed. R. Civ. P. 10(c); Thompson v. Greene, 427 F.3d 263, 268 (4th Cir. 2005). A court also may take judicial notice of public records without converting the motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp.,

572 F.3d 176, 180 (4th Cir. 2009).

B.

Defendants argue that the complaint should be dismissed based on the first-to-file rule. Under the first-to-file rule, a federal court generally may decline jurisdiction over an action where "the same parties and issues are already before another district." United States v. Brick, 846 F.2d 74, 1988 WL 33796, at *1 (4th Cir. 1988) (per curiam) (unpublished table decision); see Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co., 386 F.3d 581, 594–95 (4th Cir. 2004); Ellicott Mach. Corp. v. Modern Welding Co., 502 F.2d 178, 180 n.2 (4th Cir. 1974); Blackwell v. Midland Credit Mgmt., Inc., No. 2:18-cv-2205-RMG, 2018 WL 4963166, at *2 (D.S.C. Oct. 15, 2018) (unpublished); Beach Mart, Inc. v. L & L Wings, Inc., No. 2:11–CV–44–F, 2014 WL 1365708, at *3 (E.D.N.C. Apr. 7, 2014) (unpublished). "The purpose of the rule is to 'promote efficient use of judicial resources' and it 'should be applied in a manner serving sound judicial administration.'" Brick, 1988 WL 33796, at *1 (quoting Orthmann v. Apple River Campground, Inc., 765 F.2d 119, 121 (8th Cir. 1985)); see Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co., 342 U.S. 180, 183–84 (1952); Wallerstein v. Dole Fresh Vegetables, Inc., 967 F. Supp. 2d 1289, 1292 (N.D. Cal. 2013).

The Fourth Circuit has recognized the first-to-file rule and held that "as a principle of sound judicial administration, the first suit should have priority," except where the "balance of convenience" favors the second-filed action. Ellicott Mach. Corp., 502 F.2d 178, 180 n.2 (4th Cir. 1974) (quotation omitted); see Learning Network, Inc. v. Discovery Commc'ns, Inc., 11 F. App'x 297, 300–01 (4th Cir. 2001) (per curiam) (unpublished); Nall v. Piper, 948 F.2d 1282, 1991 WL 192141, at *2 (4th Cir. 1991) (unpublished table decision); Walton v. N.C. Dep't of Agric. & Consumer Servs., No. 5:09-CV-443-D, 2010 WL 11561770, at *2 (E.D.N.C. Mar. 1, 2010) (unpublished). Courts consider three factors when applying the first-to-file rule: (1) the chronology

4

of the filings, (2) the similarities of the parties involved, and (3) the similarities of the issues raised. Beach Mart, 2014 WL 1365708, at *3; Wallerstein, 967 F. Supp. 2d at 1293; Harleysville Mut. Ins. Co. v. Hartford Cas. Ins. Co., No. 7:11-CV-187-FL, 2012 WL 1825331, at *4–5 (E.D.N.C. May 18, 2012) (unpublished).

As for the first factor, plaintiffs filed their complaint in the Eastern District of North Carolina over one year after they filed a complaint in the Eastern District of Oklahoma. See In re Broiler Chicken Grower Litig., No. 6:17-CV-33-RJS, Compl. [D.E. 2] (E.D. Okla. Jan. 27, 2017). Accordingly, the first factor weighs in favor of applying the first-to-file rule.

As for the third factor, both complaints allege the same causes of action based on the same underlying facts. Compare [D.E. 1], with In re Broiler Chicken Grower Litig., No. 6:17-CV-33-RJS, Am. Compl. [D.E. 137] (E.D. Okla. July 10, 2017). Accordingly, the third factor weighs in favor of applying the first-to-file rule.

As for the second factor, "the parties in the two actions do not need to be identical." Beach Mart, 2014 WL 1365708, at *3. Plaintiffs filed suit on behalf of the same putative class in both actions; therefore, the plaintiffs are substantially similar in both actions. See Blackwell, 2018 WL 4963166, at *3. As for the defendants, plaintiffs argue that, because the Eastern District of Oklahoma has determined that it does not have personal jurisdiction over Sanderson and Koch, this court may not apply the first-to-file rule. See [D.E. 55] 36–37; Burger v. Am. Mar. Officers Union, 170 F.3d 184, 1999 WL 46962, at *2 (5th Cir. 1999) (per curiam) (unpublished table decision); Beach Mart, 2014 WL 1365708, at *3–4; NanoLogix, Inc. v. Novak, No. 4:13-CV-1000, 2013 WL 6443376, at *2–4 (N.D. Ohio Dec. 9, 2013) (unpublished); cf. Distromex S.A. de CV v. Basic Research, LLC, No. SA–06–CA–788–FB, 2007 WL 9702861, at *2 (W.D. Tex. Sept. 4, 2007) (unpublished), report and recommendation adopted, 2007 WL 9702854 (W.D. Tex. Oct. 4, 2007)

(unpublished).  But see Cadle Co. v. Whataburger of Alice, Inc., 174 F.3d 599, 603–05 (5th Cir. 1999).

The court rejects plaintiffs' argument.  Although the Eastern District of Oklahoma has held that it lacks personal jurisdiction over Sanderson and Koch, the first-to-file rule does not require that the parties be identical.  See Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc., 787 F.3d 1237, 1240 (9th Cir. 2015); Save Power Ltd. v. Syntek Fin. Corp., 121 F.3d 947, 950–51 (5th Cir. 1997); Blackwell, 2018 WL 4963166, at *3 (collecting cases).  Moreover, plaintiffs made a tactical decision in filing a complaint in the Eastern District of North Carolina and moving to consolidate the cases.  Plaintiffs cannot avoid the consequences of a failed tactical decision by litigating the same issues between substantially the same parties in two different courts.  Finally, there remains a potential for inconsistent rulings because defendants' motion to dismiss is still pending in the Eastern District of Oklahoma.  Allowing plaintiffs to proceed in both forums would allow them to litigate the same issues twice.  Accordingly, while the second factor is less clear cut, the court finds that it weighs in favor of applying the first-to-file rule.  Therefore, the court finds that the first-to-file rule applies, and the court grants in part defendants' motion to dismiss and stays this action. See Burger, 1999 WL 46962, at *2; NanoLogix, Inc., 2013 WL 6443376, at *2–3.

III.

In sum, the court GRANTS in part defendants' motion to dismiss [D.E. 52] and stays this action pending resolution of the action in the Eastern District of Oklahoma.

SO ORDERED.  This  15  day of January 2019.

JAMES C. DEVER III
United States District Judge

6